NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

HYMAN KOVAR, PETITIONER, v. RUBIN FOX,
RESPONDENT.

**Hernia—Not All of the Five Conditions of the Statute Proven, There Being no Direct Proof That There Was an Immediate Descent as the Result of the Accident.**

On determination and finding of facts and rule for judgment.

\*     \*     \*     \*     \*     \*     \*

1. That Hyman Kovar was on the 20th day of October, 1925, in the employ of Rubin Fox, the respondent, as a sales clerk or stock man, which employment was subject to the

compensation section of chapter 96, laws of 1911, and the supplements and amendments thereto.

2. That on the aforesaid day, the petitioner, while in the act of lifting a keg of nails felt a severe pain in the abdominal region and ceased work. The respondent had knowledge of the accident within the time prescribed in paragraph 15 of the aforesaid act. The accident happened in the afternoon, and that evening the petitioner consulted Dr. Ring, who, upon examination of him, found that he had a double hernia.

3. The Compensation act requires conclusive proof of the five points referred to in subdivision X of paragraph 11, one of which five points is that the descent of the hernia immediately followed the cause. The testimony shows that the petitioner, between the time of his injury in the afternoon, and the time he was examined by Dr. Ring in the evening of that day, did not examine himself, or have any one examine him so as to be able to testify whether there was an immediate descent as required by the act. Dr. Ring testified there was no descent when he examined him that evening, and the best than can be drawn from the testimony of Dr. Ring is that, by inference, there was a descent. The legislature in its wisdom has placed the burden upon the petitioner to prove by conclusive evidence the five points stated in paragraph X of section 11, and the court, therefore, cannot find there was a descent, from inference, without substituting its judgment for the clear mandate of the act of the legislature.

4. The petitioner having failed to establish by conclusive proof that the descent of the hernia immediately followed the cause, judgment must be entered in favor of the respondent.

\*        \*        \*        \*        \*        \*        \*

HARRY J. GOAS,
*Deputy Commissioner.*